UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO

MICHAEL R. THOMAS,
Individually and on behalf others similarly situated,
    Plaintiff,

-vs-                                    Case No.
                                            Hon.

INTELLICORP RECORDS, INC.,
    Defendant.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, MICHAEL R. THOMAS, on behalf of himself and all similarly situated individuals and for his Class Complaint, states as follows:

## INTRODUCTION

1. Michael Thomas (hereinafter "Mr. Thomas") brings this class action against Defendant to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.

2. Defendant Intellicorp Records, Inc. ("Intellicorp"), operates a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Intellicorp maintains an extensive database of public records regarding consumers.

3. Mr. Thomas alleges an individual claim under 15 U.S.C. § 1681e(b), which required that Intellicorp use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Thomas's consumer report. Mr. Thomas sought employment with Scruggs Family Services, which is the trade name for Best Care Senior Services (hereinafter "Best Care"). The job was conditioned upon his employment background check. The background check that Intellicorp sold to the employer was grossly inaccurate and disqualified him from the job. Mr. Thomas has no criminal history at all. Nonetheless,

        Intellicorp reported to Best Care that Mr. Thomas had seven criminal misdemeanors, multiple other misdemeanor charges, and a second degree sex offense. Intellicorp had mixed the criminal history of at least three different strangers with the same first and last name into the Mr. Thomas's report. Two of the strangers had different birthdates and resided in different states from the Mr. Thomas; the other had a different middle name. The Mr. Thomas did not then get the job.

4. Mr. Thomas also alleges a class claim under 15 U.S.C. § 1681k because Intellicorp did not provide Mr. Thomas and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide the consumer the opportunity to address any concerns or derogatory history in the report directly with the employer. Intellicorp's failure to comply with these long standing requirements denied the Mr. Thomas and each putative class member these important rights.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Intellicorp maintains its principal offices in the Cleveland, Ohio area. As such, the records and witnesses necessary to maintain this action as a class are located within this district.

7. The Mr. Thomas resides in Alcoa, Tennessee.

## PARTIES

8. Mr. Thomas is a natural person and a "consumer" as protected and governed by the FCRA.

9. Intellicorp is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

10. Intellicorp advertises that, "With powerful matching logic and industry leading data, you get comprehensive results on your applicant enabling you to make smart hiring and recruiting decisions."

11. Intellicorp disburses consumer reports to third parties under contract for monetary compensation during the class period and currently.

12. Intellicorp operates as a nationwide consumer reporting agency as governed by the FCRA.

## FACTUAL ALLEGATIONS

13. In August 2012, Mr. Thomas applied for a job with Best Care, a staffing agency that does business within the Chicago area.

14. As part of its ordinary and regular business practices, Best Care uses a "background check" to determine the eligibility of applicants for employment.

15. Best Care requested a background check from Intellicorp.

16. Intellicorp furnished a report to Best Care (hereafter, the "Intellicorp report" or "report").

17. The Intellicorp report was a "consumer report" governed and as defined by the FCRA.

18. Intellicorp returned eleven "hits" attributed to the Mr. Thomas, nine of which did not have a middle initial name match or had the wrong middle initial; one for a second degree sex offense conviction for a person 20 years older than Mr. Thomas, and another for a person born in a different year from Mr. Thomas.

19. None of these records belonged to the Mr. Thomas. They regarded unrelated person or persons with a similar name, but entirely different standard identifiers such as social security numbers and residences.

20. Intellicorp provided the Intellicorp report to Mr. Thomas's prospective employer.

21. Best Care received and reviewed the Intellicorp report.

22. As a result of the report, Best Care rejected him for employment.

23. Intellicorp's failure to follow reasonable procedures to assure that its report regarding the Mr. Thomas did not include information regarding a different person was a substantial factor in the rejection of Mr. Thomas's employment application and other related actual harm he suffered.

24. In creating and furnishing the Mr. Thomas's consumer report, Intellicorp failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. Specifically, it allowed and/or used very loose matching criteria to determine whether to include information pertaining to strangers that had different middle names, social security numbers and resided in different states.

25. Mr. Thomas never received a letter or any other communication from Intellicorp "at the time" the report was furnished.

26. Despite providing a report for employment purposes containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Intellicorp failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

27. On information and belief, Mr. Thomas alleges that Intellicorp did not attempt for any

consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

28. Intellicorp knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

29. Intellicorp obtained or had available substantial written materials that apprised them of their duties under the FCRA.

30. Despite knowing of these legal obligations, Intellicorp acted consciously in breaching their known duties and deprived Mr. Thomas and other members of the class of their rights under the FCRA.

31. Mr. Thomas alleges that Intellicorp's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

**CLAIMS FOR RELIEF**

**COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)**
**(CLASS ACTION)**

32. Mr. Thomas reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Mr. Thomas brings this action for himself and on behalf of a class (the "1681k Class") initially defined as follows:

   a. All natural persons residing in the United States (including all territories and other

political subdivisions of the United States) (i.) who were the subject of a report prepared by Intellicorp and sold to a third party (ii.) issued within the five years preceding this case and during its pendency (iii.) that was furnished for an employment purpose, and (iv.) to whom Intellicorp did not place in the United States mail postage pre-paid, on the day they furnished any part of the report, a written notice that they were furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Intellicorp, any attorney appearing in this case, and any judge assigned to hear this action.

34. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Intellicorp, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

35. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Intellicorp' uniform conduct and procedures, whether Intellicorp sent the required notices, when they did so and whether Intellicorp acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

36. **Typicality. FED. R. CIV. P. 23(a)(3).** Mr. Thomas's claims are typical of the claims of each Class member. Mr. Thomas seeks only statutory and punitive damages. In addition, Mr. Thomas is entitled to relief under the same causes of action as the other members of the

Class.

37. **Adequacy.** Mr. Thomas is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a(4).  Mr. Thomas and his Counsel will fairly and adequately protect the interests of members of the Class.

38. **Superiority.**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Intellicorp' conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Intellicorp's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

39. **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate because Intellicorp has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Mr. Thomas and the Class members. FED. R. CIV.

P. 23(b)(2).

40. Intellicorp's failure to timely provide the required FCRA notices to the Mr. Thomas and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

41. The conduct, action, and inaction of Intellicorp was willful, rendering Intellicorp liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42. Mr. Thomas and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Intellicorp in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. As a result of these FCRA violations, Intellicorp are liable to Mr. Thomas and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

### COUNT II - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (INDIVIDUAL CLAIM)

44. Mr. Thomas reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Intellicorp violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding the Mr. Thomas.

46. As a result of this conduct by the Intellicorp, the Mr. Thomas suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other

emotional and mental distress.

47. Intellicorp's violations of 15 U.S.C. § 1681e(b) were willful, rendering Intellicorp liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Intellicorp was negligent entitling the Mr. Thomas to recover under 15 U.S.C. § 1681o.

48. The Mr. Thomas is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Intellicorp in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Mr. Thomas and the Class Members pray for relief as follows:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Mr. Thomas and his counsel to represent the Classes;

b. That judgment be entered for Mr. Thomas individually against Intellicorp for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), pursuant to 15 U.S.C. §§ 1681n;

c. That judgment be entered for the class against Intellicorp for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681k(a) and 1681g(a) pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n; and,

d. That the Court grant such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED.**

    Respectfully Submitted,

    By: s/ Ian B. Lyngklip
    Ian B. Lyngklip P47173
    LYNGKLIP & ASSOCIATES

|  |  |
|---|---|
| Dated: September 27, 2012 | CONSUMER LAW CENTER, PLC<br>Attorney for Michael Thomas<br>24500 Northwestern Highway, Ste. 206<br>Southfield, MI 48075<br>PHONE: (248) 208-8864<br>Ian@MichiganConsumerLaw.net<br><br>Co-Counsel for Michael Thomas<br><br>Leonard Bennett<br>CONSUMER LITIGATION ASSOCIATES, NEWPORT NEWS<br>763 J. Clyde Morris Blvd, Suite 1-A<br>Newport News, VA 22601<br>PHONE: (757) 286-2062 |