IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL R. THOMAS and MARK A. JOHNSON, on behalf of themselves and all others similarly situated** <br><br> Plaintiffs, <br><br> vs. <br><br> **INTELLICORP RECORDS, INC.** <br><br> Defendant. | CASE NO. 1:12-cv-02443-DAP <br><br> UNITED STATES DISTRICT JUDGE DAN AARON POLSTER |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**(Jury Demand Endorsed Hereon)**

NOW COME Named Plaintiffs, Michael R. Thomas and Mark A. Johnson on behalf of themselves and all similarly situated individuals and for their First Amended Class Complaint, states as follows:

## INTRODUCTION

1. Michael Thomas (hereinafter "Mr. Thomas") and Mark A. Johnson (hereinafter "Mr. Johnson") bring this class action against Defendant Intellicorp Records, Inc. ("Intellicorp") to obtain relief for themselves and the class they propose to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.

2. Intellicorp operates a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Intellicorp maintains an extensive database of public records regarding consumers.

3. Mr. Thomas and Mr. Johnson each allege an individual claim under 15 U.S.C. § 1681e(b), which required that Intellicorp use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Thomas's and Mr. Johnson's consumer reports. Mr. Thomas sought employment with Scruggs Family Services, which is the trade name for Best Care Senior Services (hereinafter "Best Care"). The job was conditioned upon his employment background check. The background check that Intellicorp sold to the employer was grossly inaccurate and disqualified him from the job. Mr. Thomas has no criminal history at all. Nonetheless, Intellicorp reported to Best Care that Mr. Thomas had seven criminal misdemeanors, multiple other misdemeanor charges, and a second degree sex offense. Intellicorp had mixed the criminal history of at least three different strangers with the same first and last name into Mr. Thomas's report. Two of the strangers had different birthdates and resided in different states from Mr. Thomas; the other had a different middle name. Mr. Thomas did not then get the job.

4. Mr. Johnson sought employment with Midwest Logistics Systems, Ltd. as a commercial truck driver. The job was conditioned upon the successful completion of a pre-employment background check. The background check that Intellicorp sold to Midwest Logistics was grossly inaccurate and disqualified him from the job. Indeed, the background check identified Mr. Johnson as a child sex offender. Intellicorp had mixed the criminal history of a stranger with the same first and last name in the course of preparing a consumer report regarding Mr. Johnson.

5. Mr. Thomas and Mr. Johnson also allege a class claim under 15 U.S.C. § 1681k(a)(1) because Intellicorp did not provide Mr. Thomas, Mr. Johnson or other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed

consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain, and as appropriate, correct the information in the furnished report, where the consumer reporting agency has elected not to attempt the mechanism alternately provided in the FCRA for contemporaneous verification of the subject public record. It also was intended to alert the consumer to the employer's use of the report to provide the consumer the opportunity to address any concerns or derogatory history in the report directly with the employer. Intellicorp's failure to comply with these long standing requirements denied the Mr. Thomas and each putative class member these important rights.

## JURISDICTION AND VENUE

6. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Intellicorp maintains its principal offices in the Cleveland, Ohio area. As such, the records and witnesses necessary to maintain this action as a class are located within this district.

8. Mr. Thomas resides in Alcoa, Tennessee and Mr. Johnson resides in Blacklick, Ohio.

## PARTIES

9. Mr. Thomas and Mr. Johnson are natural persons and are "consumers" as protected and governed by the FCRA.

10. Intellicorp is a "consumer reporting agency", as defined in 15 U.S.C. § 1681 a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

11. Intellicorp advertises that, "With powerful matching logic and industry leading data, you get comprehensive results on your applicant enabling you to make smart hiring and recruiting decisions."

12. Intellicorp disburses consumer reports to third parties under contract for monetary compensation during the class period and currently.

13. Intellicorp operates as a nationwide consumer reporting agency as governed by the FCRA.

## FACTUAL ALLEGATIONS

14. In August 2012, Mr. Thomas applied for a job with Best Care, a staffing agency that does business within the Chicago area.

15. As part of its ordinary and regular business practices, Best Care uses a "background check" to determine the eligibility of applicants for employment.

16. Best Care requested a background check from Intellicorp.

17. Intellicorp furnished a report to Best Care (hereafter, the "Intellicorp report" or "report").

18. The Intellicorp report was a "consumer report" governed and as defined by the FCRA.

19. Intellicorp returned eleven "hits" attributed to Mr. Thomas, nine of which did not have a middle initial name match or had the wrong middle initial; one for a second degree sex offense conviction for a person 20 years older than Mr. Thomas, and another for a person born in a different year from Mr. Thomas.

20. None of these records belonged to the Mr. Thomas. They regarded unrelated person or persons with a similar name, but entirely different standard identifiers such as social

security numbers and residences.

21.     Intellicorp provided the Intellicorp report to Mr. Thomas's prospective employer.

22.     Best Care received and reviewed the Intellicorp report.

23.     As a result of the report, Best Care rejected him for employment.

24.     Similarly, Intellicorp provided a grossly inaccurate report to Mr. Johnson's prospective employer, which mistakenly identified him as a child sex offender who was incarcerated in Massachusetts at the time the report was prepared. Consequently, Mr. Johnson was denied employment.

25.     Intellicorp's failure to follow reasonable procedures to assure that its report regarding Mr. Thomas and Mr. Johnson did not include information regarding a different person was a substantial factor in the rejection of Mr. Thomas's and Mr. Johnson's employment applications and other related actual harm they suffered.

26.     In creating and furnishing Mr. Thomas's and Mr. Johnson's consumer reports, Intellicorp failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. Specifically, it allowed and/or used very loose matching criteria to determine whether to include information pertaining to strangers that had different middle names, social security numbers and resided in different states.

27.     Neither Mr. Thomas nor Mr. Johnson received a letter or any other communication from Intellicorp "at the time" the report was furnished.

28.     Despite providing a report for employment purposes containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Intellicorp failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such

information was being reported.

29. On information and belief, Mr. Thomas and Mr. Johnson allege that Intellicorp did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U. S.C. § 1681 k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

30. Intellicorp knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

31. Intellicorp obtained or had available substantial written materials that apprised them of their duties under the FCRA.

32. Despite knowing of these legal obligations, Intellicorp acted consciously in breaching their known duties and deprived Mr. Thomas, Mr. Johnson and other members of the class of their rights under the FCRA.

33. Mr. Thomas and Mr. Johnson allege that Intellicorp's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

### CLAIMS FOR RELIEF
### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

34. Mr. Thomas and Mr. Johnson reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Mr. Thomas and Mr. Johnson bring this action for himself and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a report sold by Intellicorp to a third party, (b) that was furnished for an employment purpose, (c) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment (d) within five years next preceding the filing of this action and during its pendency, and (e) to whom Intellicorp did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Intellicorp, any attorney appearing in this case, and any judge assigned to hear this action.

36. Mr. Thomas and Mr. Johnson also propose the following alternative subclass (the "Accuracy Subclass"):

> All natural persons residing in Ohio or Tennessee (a) who were the subject of a report sold by Intellicorp to a third party, (b) that was furnished for an employment purpose, (c) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment (d) within five years next preceding the filing of this action and during its pendency, (e) when a manual review of the record would reveal that the identity associated with the public record does not match the identity of the class member about whom the report was furnished and (f) to whom Intellicorp did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Intellicorp, any attorney appearing in this case, and any judge assigned to hear this action.

37. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Intellicorp, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

38. **Existence and Predominance of Common Questions of Law and Fact. FED.**

**R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Intellicorp's uniform conduct and procedures, whether Intellicorp sent the required notices, when they did so and whether Intellicorp acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

39. **Typicality. FED. R. CIV. P. 23(a)(3).** Mr. Thomas's and Mr. Johnson's claims are typical of the claims of each Class member. Mr. Thomas and Mr. Johnson seek only statutory and punitive damages.

40. **Adequacy.** Mr. Thomas and Mr. Johnson are adequate representative of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Mr. Thomas, Mr. Johnson and their Counsel will fairly and adequately protect the interests of members of the Class.

41. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Intellicorp's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on

the courts. Further, even litigation for the subclass would be administratively reasonable as the publically available identifying segments – e.g. first, middle and last name, driver's license and social security numbers, month, year and/or date of birth – are easily comparable against the information provided in third party requests provided to Intellicorp and maintained in its records. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Intellicorp's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

42. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Intellicorp has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Mr. Thomas, Mr. Johnson and the Class members. FED. R. CIV. P. 23(b)(2).

43. Intellicorp's failure to timely provide the required FCRA notices to Mr. Thomas, Mr. Johnson and other members of the putative class and the putative subclass violated 15 U.S.C. § 1681k(a)(1). Intellicorp did not attempt to comply with any alternate provision of the section and was thus required to comply with the default requirement. Further, the information as to the subclass was demonstrably inaccurate.

44. The conduct, action, and inaction of Intellicorp was willful, rendering Intellicorp liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

45. Mr. Thomas, Mr. Johnson and other members of the putative class are entitled to recover costs and attorney fees as well as appropriate equitable relief from Intellicorp in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. As a result of these FCRA violations, Intellicorp is liable to Mr. Thomas, Mr. Johnson and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

### COUNT II - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (THOMAS'S INDIVIDUAL CLAIM)

47. Mr. Thomas and Mr. Johnson reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

48. Intellicorp violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding Mr. Thomas.

49. As a result of this conduct by Intellicorp, Mr. Thomas suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

50. Intellicorp's violations of 15 U.S.C. § 1681e(b) were willful, rendering Intellicorp liable pursuant to 15 U.S.C. § 1681n. In the alternative, Intellicorp was negligent entitling Mr. Thomas to recover under 15 U. S.C. § 1681o.

51. Mr. Thomas is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney fees from Intellicorp in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III - FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (JOHNSON'S INDIVIDUAL CLAIM)

52. Mr. Thomas and Mr. Johnson reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

53. Intellicorp violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding Mr. Johnson.

54. As a result of this conduct by Intellicorp, Mr. Johnson suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55. Intellicorp's violations of 15 U.S.C. § 1681 e(b) were willful, rendering Intellicorp liable pursuant to 15 U.S.C. § 1681n. In the alternative, Intellicorp was negligent entitling Mr. Johnson to recover under 15 U. S.C. § 1681o.

56. Mr. Johnson is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney fees from Intellicorp in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Mr. Thomas, Mr. Johnson and the Class Members pray for relief as follows:

    a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Mr. Thomas, Mr. Johnson and his counsel to represent the Classes;

    b. That judgment be entered for Mr. Thomas and Mr. Johnson each individually

   against Intellicorp for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), pursuant to 15 U.S.C. §§ 1681n;

c. That judgment be entered for the class against Intellicorp for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1681n; and

d. That the Court grant such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

    Respectfully Submitted,

    STUMPHAUZER | O'TOOLE

    /s/ Matthew A. Dooley
    Dennis M. O'Toole (0003274)
    Anthony R. Pecora (0069660)
    Matthew A. Dooley (0081482)
    5455 Detroit Road
    Sheffield Village, Ohio  44054
    Telephone: (440) 930-4001
    Facsimile: (440) 934-7208
    Email: dotoole@sheffieldlaw.com
      apecora@sheffieldlaw.com
      mdooley@sheffieldlaw.com

    CONSUMER LITIGATION ASSOCIATES, P.C.
    Leonard A. Bennett (Virginia Bar #27523)
    763 J. Clyde Morris Blvd., Suite 1-A
    Newport News, Virginia 23601
    Telephone: (757) 930-3660
    Facsimile: (757) 930-3662
    Email: lenbennett@clalegal.com

        LYNGKLIP & ASSOCIATES
        CONSUMER LAW CENTER, PLC
        Ian B. Lyngklip (P47173)
        24500 Northwestern Highway
        Suite 206
        Southfield, Michigan 48075
        Telephone:    248-208-8864
        Email: Ian@michiganconsumerlaw.net

        *Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing First Amended Class Action Complaint was filed electronically on the 7th day of January, 2013 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

        /s/ Matthew A. Dooley
        *Counsel for Plaintiffs and the Putative Class*