**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL R. THOMAS and MARK A. JOHNSON, on behalf of themselves and all others similarly situated,** ) ) ) ) | **Case No.: 1:12-cv-02443-DAP** |
| ) | **Judge Dan Aaron Polster** |
| **Plaintiff,** ) ) | |
| ) | **INTELLICORP RECORDS, INC.'S** |
| **v.** ) | **FIRST AMENDED ANSWER** |
| ) | |
| **INTELLICORP RECORDS, INC., an Ohio corporation,** ) ) ) | |
| ) | |
| **Defendant.** ) ) | |

**ANSWER**

Defendant Intellicorp Records, Inc. ("Intellicorp"), for its answer to Plaintiffs Michael R. Thomas and Mark. A. Johnson's ("Plaintiffs") First Amended Class Action Complaint for Violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("First Amended Complaint"), hereby states as follows:

1.      Intellicorp admits that Plaintiffs purport to bring this case as described in Paragraph 1 of the First Amended Complaint.

2.      Intellicorp admits that it maintains a public record database and provides, among other things, background reports and employment screening services, and refers to www.intellicorp.net for a description of its products and services.

3.      Intellicorp admits that the quoted language is contained in the Fair Credit Reporting Act ("FCRA") and that Plaintiffs purport to assert individual claims. Intellicorp denies the second, third, fifth, and ninth sentences of Paragraph 3 of the First

Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Intellicorp denies the remaining allegations contained in Paragraph 3, except it admits that Plaintiff Michael R. Thomas was the subject of a consumer report prepared by Intellicorp.  Intellicorp refers to the consumer report for its contents.

4.     Intellicorp denies the first and second sentences of Paragraph 4 of the First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Intellicorp denies the remaining allegations contained in Paragraph 4.  Answering further, Intellicorp avers that it provided to Insurance Information Exchange certain criminal background information regarding Mark A. Johnson.

5.     Intellicorp admits that Plaintiffs purport to assert a class claim.  The remainder of Paragraph 5 consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 5 of the First Amended Complaint, except it admits that Michael R. Thomas was the subject of a consumer report prepared by Intellicorp and avers that it provided to Insurance Information Exchange certain criminal background information regarding Mark A. Johnson.

6.     Paragraph 6 of the First Amendment Complaint consists of legal conclusions to which no response is required.

7.     Paragraph 7 of the First Amendment Complaint consists of legal conclusions to which no response is required.  Intellicorp admits that it maintains its principal offices in Beachwood, Ohio.

8.     Intellicorp does not have sufficient information to admit or deny the allegations in Paragraph 8 of the First Amended Complaint.

9.      Paragraph 9 of the First Amended Complaint consists of legal conclusions to which no response is required.

10.     Intellicorp admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

11.     Intellicorp admits that its website contains the quoted language (http://www.intellicorp.net/marketing/Screening_Services_CriminalSearches.aspx), and refers to www.intellicorp.net for a more extensive description of its products and services.

12.     Intellicorp admits the allegations in Paragraph 12 of the First Amended Complaint.

13.     Intellicorp admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

14.     Intellicorp denies the allegations in Paragraph 14 of the First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

15.     Intellicorp denies the allegations in Paragraph 15 of the First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

16.     Intellicorp admits the allegation contained in Paragraph 16.

17.     Intellicorp admits the allegation contained in Paragraph 17.

18.     Intellicorp admits the allegation contained in Paragraph 18.

19.     Intellicorp admits that Plaintiff Michael R. Thomas is the subject of a consumer report prepared by Intellicorp, and refers to the consumer report for its contents.

20.     Intellicorp admits that Plaintiff Michael R. Thomas is the subject of a consumer report prepared by Intellicorp, and refers to the consumer report for its contents.

21.     Intellicorp admits that Plaintiff Michael R. Thomas is the subject of a consumer report prepared by Intellicorp, and refers to the consumer report for its contents.

22.     Intellicorp denies the allegations in Paragraph 22 of the First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

23.     Intellicorp denies the allegations in Paragraph 23 of the First Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

24.     Intellicorp denies the allegation in the second sentence of Paragraph 24 for lack of knowledge or information sufficient to form a belief as to its truth.  Intellicorp denies the remainder of the allegations in Paragraph 24.  Answering further, Intellicorp avers that it provided to Insurance Information Exchange certain criminal background information regarding Mark A. Johnson.

25.     Intellicorp denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Intellicorp denies the allegations in Paragraph 26 of the First Amended Complaint.

27.     Intellicorp denies the allegations in Paragraph 27 of the First Amended Complaint, except it admits that Michael R. Thomas was the subject of a consumer report prepared by Intellicorp and avers that it provided to Insurance Information

4

Exchange certain criminal background information regarding Mark A. Johnson. Intellicorp admits that it had subsequent correspondence with Messrs. Thomas and Johnson (or their representatives) with respect to the report and information that had been provided.

28.     Paragraph 28 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 28, except it admits that Michael R. Thomas was the subject of a consumer report prepared by Intellicorp and avers that it provided to Insurance Information Exchange certain criminal background information regarding Mark A. Johnson.

29.     Paragraph 29 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 29.

30.     Paragraph 30 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 30.

31.     Intellicorp denies the allegations contained in Paragraph 31, except it admits that it complies with the FCRA.

32.     Intellicorp denies the allegations contained in Paragraph 32.

33.     Paragraph 33 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 33 except it admits that it complies with FCRA.

34.     Intellicorp incorporates by reference and restates each of its responses to Paragraphs 1 through 33 of the First Amended Complaint as set forth above.

35.     Paragraph 35 of the First Amended Complaint consists of Plaintiffs' characterization of a putative class to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 35.

36.     Paragraph 36 of the First Amended Complaint consists of Plaintiffs' characterization of a putative alternative subclass to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 36.

37.     Paragraph 37 of the First Amended Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Intellicorp denies the allegations in Paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38.     Paragraph 38 of the First Amended Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 38.

39.     Paragraph 39 of the First Amended Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 39.

40.     The second sentence of Paragraph 40 of the First Amended Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Intellicorp denies the second sentence of Paragraph 40.  Intellicorp denies the remaining allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41.     Paragraph 41 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 41.

42.     Paragraph 42 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 42.

43.     Paragraph 43 of the First Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Intellicorp denies Paragraph 43.

44.     Intellicorp denies the allegations in Paragraph 44 of the First Amended Complaint.

45.     Intellicorp denies the allegations in Paragraph 45 of the First Amended Complaint.

46.     Intellicorp denies the allegations in Paragraph 46 of the First Amended Complaint.

47.     Intellicorp incorporates by reference and restates each of its responses to Paragraphs 1 through 46 of the First Amended Complaint as set forth above.

48.     Intellicorp denies the allegation in Paragraph 48 of the First Amended Complaint.

49.     Intellicorp denies the allegations in Paragraph 49 of the First Amended Complaint.

50.     Intellicorp denies the allegations in Paragraph 50 of the First Amended Complaint.

51.     Intellicorp denies the allegations in Paragraph 51 of the First Amended Complaint.

52.     Intellicorp incorporates by reference and restates each of its responses to Paragraphs 1 through 51 of the First Amended Complaint as set forth above.

53.     Intellicorp denies the allegation in Paragraph 53 of the First Amended Complaint.

54.     Intellicorp denies the allegations in Paragraph 54 of the First Amended Complaint.

55.     Intellicorp denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     Intellicorp denies the allegations in Paragraph 56 of the First Amended Complaint.

57.     Intellicorp denies all allegations in the First Amended Complaint, including all allegations in the Prayer for Relief, not expressly admitted herein.


**AFFIRMATIVE DEFENSES TO PLAINTIFF MICHAEL R. THOMAS'S**

**INDIVIDUAL CLAIMS**

**<u>FIRST DEFENSE</u>**

58.     Plaintiff's claims are barred because the First Amended Complaint fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

59.     Plaintiff's claims are barred because Intellicorp has at all times maintained procedures sufficient to comply with 15 U.S.C. § 1681e.

## **THIRD DEFENSE**

60.     Plaintiff's claims are barred because he failed to take steps to mitigate damages, if any.

## **FOURTH DEFENSE**

61.     Plaintiff's claims are barred because the damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Intellicorp.

## **FIFTH DEFENSE**

62.     Intellicorp reserves the right to assert additional affirmative defenses as may become apparent through additional investigation and discovery.

## **AFFIRMATIVE DEFENSES TO PLAINTIFF MARK A. JOHNSON'S INDIVIDUAL CLAIMS**

### **SIXTH DEFENSE**

63.     Plaintiff's claims are barred because the First Amended Complaint fails to state a claim upon which relief can be granted.

### **SEVENTH DEFENSE**

64.     Plaintiff's claims are barred because Intellicorp did not prepare a consumer report with respect to Mark A. Johnson.

### **EIGHTH DEFENSE**

65.     Plaintiff's claims are barred because Intellicorp has at all times maintained procedures sufficient to comply with 15 U.S.C. § 1681e.

## NINTH DEFENSE

66.     Plaintiff's claims are barred because he failed to take steps to mitigate damages, if any.

## TENTH DEFENSE

67.     Plaintiff's claims are barred because the damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Intellicorp.

## ELEVENTH DEFENSE

68.     Intellicorp reserves the right to assert additional affirmative defenses as may become apparent through additional investigation and discovery.

## AFFIRMATIVE DEFENSES TO THE PUTATIVE CLASS CLAIM

69.     Intellicorp incorporates by reference Paragraphs 58-68 to the extent they apply to any putative class plaintiffs.  In addition, Intellicorp asserts the following defenses as to the putative class plaintiffs:

## TWELFTH DEFENSE

70.     Plaintiffs claims are barred because Intellicorp has at all times maintained procedures sufficient to comply with 15 U.S.C. § 1681k(a)(1).

## THIRTEENTH DEFENSE

71.     The putative class plaintiffs are barred from raising any claims under 15 U.S.C. § 1681k to the extent that Intellicorp provided them with statutory notice pursuant to 15 U.S.C. § 1681k(a)(2).

## FOURTEENTH DEFENSE

72.     The putative class plaintiffs are barred from raising any claims under 15 U.S.C. § 1681k to the extent that the reports concerning them were accurate or substantially accurate.

## FIFTEENTH DEFENSE

73.     The putative class plaintiffs are barred from raising any claims under 15 U.S.C. § 1681k to the extent that the reports concerning them did not contain adverse information.

## SIXTEENTH DEFENSE

74.     The putative class plaintiffs' claims are barred to the extent that they are untimely under any applicable statutes of limitation, including, but not limited to, 15 U.S.C. §§ 1681p and 1691e(f).

## SEVENTEENTH DEFENSE

75.     The putative class plaintiffs' claims are barred by the doctrine of laches.


WHEREFORE, Intellicorp prays as follows:

1.     That the First Amended Complaint be dismissed with prejudice;

2.     That this Court render a judgment in favor of Intellicorp;

3.     That the Court award Intellicorp its costs and expenses, including attorneys' fees; and

4.     That the Court award Intellicorp any other such relief that it deems just and proper.

Date:  January 18, 2013                   Respectfully submitted,

                                          */s/ David H. Wallace*
                                          David H. Wallace (0037210)
                                          dwallace@taftlaw.com
                                          Gregory J. O'Brien (0063441)
                                          gobrien@taftlaw.com
                                          Taft Stettinius & Hollister LLP
                                          200 Public Square, Suite 3500
                                          Cleveland, OH 44114-2302
                                          Phone: (216) 241-2838
                                          Fax: (216) 241-3707

                                          Joel M. Cohen *(admitted pro hac vice)*
                                          joel.cohen@davispolk.com
                                          Davis Polk & Wardwell LLP
                                          450 Lexington Avenue
                                          New York, NY 10017
                                          Phone: (212) 450-4000
                                          Fax: (212) 701-5800

                                          *Counsel for Defendant Intellicorp Records,
                                          Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2013, a true and correct copy of the foregoing document was filed electronically.  Notification of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ David H. Wallace*
David H. Wallace

*Counsel for Defendant Intellicorp Records, Inc.*