## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL R. THOMAS and MARK A. JOHNSON, on behalf of themselves and all others similarly situated** | CASE NO. 1:12-cv-02443-DAP |
| Plaintiffs, | |
| vs. | UNITED STATES DISTRICT JUDGE DAN AARON POLSTER |
| **INTELLICORP RECORDS, INC.** | |
| Defendant. | |

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Rule (26)(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs, Michael R. Thomas and Mark A. Johnson, on behalf of themselves and the putative class make the following initial disclosures:

**26(a)(1)(A)** **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

- Michael R. Thomas
  Mr. Thomas may be contacted through counsel.

  Mr. Thomas has information regarding the facts alleged in his Amended Complaint.

- Mark A. Johnson
  Mr. Johnson may be contacted through counsel.

  Mr. Johnson has information regarding the facts alleged in his Amended Complaint.

- Brian P. Lees, Clerk of Courts
  Hampden Superior Court
  Hall of Justice

50 State Street
P.O. Box 559
Springfield, Massachusetts 01102-0559

Mr. Lees has information regarding the information contained in the court records maintained by the Hampden County Superior Court.

- Midwest Logistics Systems, Ltd.
  7021 State Route 703
  Celina, Ohio 45822

  Fed. R. Civ. P. 30(b)(6) representative(s) with information regarding Midwest Logistics Systems' use of consumer reports provided by Defendant, particularly the report provided by Defendant regarding Mark A. Johnson.

- Scruggs Family Services, LLC d/b/a Always Best Care Senior Services
  Marybeth Perry
  9201 Friars Way
  Knoxville, Tennessee 37922-5981

  Ms. Perry may have information regarding Best Care's use of consumer reports provided by Defendant, particularly the report provided by Defendant regarding Michael R. Thomas.

- Insurance Information Exchange, LLC ("iiX")
  1716 Briarcrest Drive
  Suite 200
  Bryan, Texas 77802-2764

  Fed. R. Civ. P. 30(b)(6) representative(s) with information regarding the collection of public records information from Defendant.

- Unknown employees and agents of Defendant
  3000 Auburn Drive
  Suite 410
  Beachwood, Ohio 44122

  Plaintiffs anticipate that certain employees and agents whose identity will be sought during discovery will have information regarding the facts alleged in Plaintiffs' amended Complaint, including the policies and procedures governing Defendant's collection and dissemination of public records information and other matters that pertain to Defendant's obligations under the Fair Credit Reporting Act.

2

- Any witnesses identified by Defendant.

**26(a)(1)(B)** **A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

- Mark Johnson's consumer report prepared by Defendant for employment purposes and all documents between the parties regarding the information contained therein;

- The reinvestigation request faxed by Mark Johnson to IntelliCorp on October 11, 2011; and

- Michael Thomas's consumer report prepared by Defendant for employment purposes dated August 10, 2012.

**26(a)(1)(C)** **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosures, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

### A.  Individual Claims

#### i.      Itemization of Damages

The Plaintiffs seek damages for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.  *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

#### ii.      Categories and Types of Actual Damages

- Emotional and mental anguish, frustration and annoyance from being deterred from applying for employment.
- Emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied employment.

3

- Emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of false information by the Defendant.
- General economic damages in the form of lost employment capacity.
- General damages in the form of damage to reputation.
- Economic damage also includes the considerable time, effort and expense Plaintiffs have been forced to expend attempting to force Defendant to comply with their statutory obligations including telephone calls, writing letters, sending faxes.
- Embarrassment from having to explain circumstances to potential employers, including anxiety when considering seeking additional employment because the consumer believes, justifiably, that he or she will be forced to once again subject himself or herself to the humiliation of having to explain the false and defamatory information previously discovered.

### iii.    Case Law Supporting Actual Damages

Actual damages are supported by the following FCRA decisions and settlements:

- *Adams v Phillips,*  2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

- *Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

- *Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment
  taken on offer of judgment $95,000 for claimed damages of emotional distress under 15 U.S.C. 1681e(b), defended by Jones Day);

- *Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages);

- *Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate reporting by consumer reporting agency. $250,000 punitive damage award sustained.);

- *Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

- *Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

- *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

- *Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages;  4.5 million punitive vacated by appellate court)

- *Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

- *Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section1681s-2(b), appeal reported at 357 F.3d 426 (4th Cir.2004);

- *Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

- *McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded $1.85 million to identity theft victim)

- *Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for actual damages, $20,224 in attorney's fees);

- *Mills v. NationsBank* (Florida, 1999) (jury award $140,000 actual and $300,000 punitive damages);

- *Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

- *Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

- *Soghomonian v. Trans Union*, (N.D Ca 2004) ($330,000 actual damages and  $660,000 punitive damages);

- *Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees);

- *Thomas v. Trans Union*, (D. Or. 2002).  (jury awarded $5 million punitive, $300,000 actual damage for emotional distress, with punitive damages remitted to $1million);

- *Thompson v. Equifax*, (Ala. 2002) (jury award $80,000);

- *Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses);

- *Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

- *Wenger v. Trans Union*  (Cal. jury award of actual damages of $200,000); and

- *Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotional distress sustained based on impermissible access of consumer report under false pretenses).

### iv.     Punitive Damages

The Plaintiffs seek punitive damages that are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

### v.     Case Law Supporting Punitive Damages:

Punitive damages are expected to fall within the general range of the consumer employment cases outlined below:

- *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) ($2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

- *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

- *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

- *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (no remittitur of $700,000 punitive damage award);

- *Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

- *Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594 (E.D. Ca 2005) ($660,000 punitive damages);

- *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

- *Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages); and

- *Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

**B.    Class Claims**

Pursuant to 15 U.S.C. §1681n, Plaintiffs and each class member seek statutory damages from $100.00 and $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney fees and costs.

Plaintiffs further seek these damages individually and on a class basis.

**26(a)(1)(D)    For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

- Not applicable.

**List of Most Likely Custodians of Relevant Electronically stored information pursuant to L.R. – Appendix K, 2.a.:**

- For Mr. Michael Thomas: Ian Lyngklip, Esq.
- For Mr. Mark Johnson: Matthew A. Dooley, Esq.

**List of Relevant Electronic System pursuant to L.R. – Appendix K, 2.b.:**

- For Mr. Michael Thomas:
  - Personal computer with email capabilities; and
  - Mr. Thomas's only records concerning this suit that are stored on this system are (1) a PDF copy of the Intellicorp report

7

provided to Always Best Care, and (2) an adverse action notice from Always best care transmitted to Mr. Thomas via email.

- For Mr. Mark Johnson:
    - Personal computer with email capabilities; and
    - Mr. Johnson's only records concerning this suit that are stored on this system are (1) a PDF copy of the Intellicorp report provided to Midwest Logistics, and (2) correspondence regarding his dispute.

**Retention coordinator pursuant to L.R. – Appendix K, 2.c.:**

Due to the limited information relating to this case on this system apart from privileged attorney client communications, Plaintiffs will provide these documents to Defendant in their native format. Mr. Thomas and Mr. Johnson believe that it is unnecessary to preserve the original data as the authenticity of these documents will not likely be an issue in this case. For these same reasons, Mr. Thomas and Mr. Johnson do not expect that it is reasonable or necessary to conduct any search of backup media.

**E-Discovery Coordinator pursuant to L.R. – Appendix K, 2.d.:**

Matthew A. Dooley, Stumphauzer | O'Toole, will serve as Plaintiffs' e-discovery coordinator.

**Anticipated E-Discovery Problems pursuant to L.R. – Appendix K, 2.e.:**

None.

**Dated: January 29, 2013**

Respectfully submitted,

STUMPHAUZER | O'TOOLE

By:     /s/ Matthew A. Dooley
        Anthony R. Pecora     (OH Bar No. 0069660)
        Matthew A. Dooley    (OH Bar No. 0081482)
        5455 Detroit Road
        Sheffield Village, Ohio  44054
        Telephone:     (440) 930-4001
        Facsimile:     (440) 934-7208
        Email:         apecora@sheffieldlaw.com
                       mdooley@sheffieldlaw.com

8

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (VA Bar No. 27533)
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
Telephone:     (757) 930-3660
Facsimile:     (757) 930-3662
Email:         lenbennett@clalegal.com

LYNGKLIP & ASSOCIATES CONSUMER LAW
CENTER, PLC
Ian B. Lyngklip (MI Bar No. P47173)
24500 Northwestern Highway
Suite 206
Southfield, Michigan 48075
Telephone:     (248) 208-8864
Email:         ian@michiganconsumerlaw.ney

*Counsel for Named Plaintiffs and the putative class*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2013, a copy of the foregoing Plaintiffs'

Initial Disclosures was served upon the following by electronic mail and U.S. Mail.

TAFT STETTINIUS & HOLLISTER, LLP
David H. Wallace
Gregory J. O'Brien
200 Public Square
Suite 3500
Cleveland, Ohio 44114-2302

DAVIS POLK & WARDWELL LLP
Joel M. Cohen
450 Lexington Avenue
New York, New York 10017

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Named Plaintiffs and the
putative class*
