IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JANE ROE,** *et al.,* **individually and on behalf of all others similarly situated**, <br><br> Plaintiff, <br><br> v. <br><br> I**NTELLICORP RECORDS, INC.** <br><br> Defendants. | CASE NO. 1:12-cv-02288 <br><br><br> UNITED STATES DISTRICT JUDGE <br> JAMES S. GWIN |
| **MICHAEL R. THOMAS and MARK A. JOHNSON, on Behalf of themselves and all others similarly situated,** <br><br> Plaintiffs, <br><br> v. <br><br> **INTELLICORP RECORDS, INC.,** <br><br> Defendant. | CASE NO. 1:12-CV-02443 <br><br><br> UNITED STATES DISTRICT JUDGE <br> JAMES S. GWIN |
| **MARK A JOHNSON, individually and on behalf of all others similarly situated**, <br><br> Plaintiff, <br><br> v. <br><br> **INSURANCE INFORMATION EXCHANGE, LLC**, <br><br> Defendant. | CASE NO. 1:13-CV-00616 <br><br> UNITED STATES DISTRICT JUDGE <br> JAMES S. GWIN |

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court has been advised that the Parties to the above-captioned cases, Plaintiffs Jane Roe, Mark A. Johnson and Michael Thomas, (hereinafter referred to as

"Plaintiffs" or "Class Representatives") and Defendants Intellicorp Records, Inc. ("Intellicorp") and Insurance Information Exchange (a division of ISO Claims Services, Inc.) ("IIX") (hereinafter jointly referred to as the "Parties") have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned cases upon the terms and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement, the record and exhibits herein, and it appearing to the Court that, upon preliminary examination, the proposed Settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held on May 23, 2014 at 8:30 A.M., Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland Ohio, Courtroom 18A, after notice to the Settlement Class Members, to confirm that the proposed Settlement is fair, reasonable, and adequate, and to determine whether a Final Judgment and Order should be entered:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the above-captioned actions and over all settling parties hereto.

2. **Consolidation:** For purposes of settlement only, *Roe v. Intellicorp Records, Inc.* (Case No.: 1:12-CV-02288-JG), *Johnson v. Insurance Information Exchange, LLC* (Case No 2:13-CV-00616-JG), and *Thomas, et al. v. Intellicorp Records, Inc.* (Case No. 1:12-CV-02443-JG), shall be consolidated into a single action captioned *Roe, et al. v. Intellicorp Records, Inc.*, Civ. No. 1:12CV2288-JG (N.D. Ohio) (the "Action").

3. **Settlement Class Members**:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Settlement Class Members"):

> All natural persons residing in the United States who were the subject of one or more consumer reports furnished to a third party by Intellicorp or IIX, for employment purposes, which report(s) contained an Intellicorp Criminal SuperSearch result reflecting a record of criminal or traffic arrest or conviction or other criminal history, during the period April 16, 2010, through September 16, 2013.

There are approximately 545,000 Settlement Class Members.

4. **Class Representatives and Settlement Class Counsel:**  Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Jane Roe, Mark A. Johnson, and Michael Thomas as the Settlement Class Representatives.  The Court preliminarily approves Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C.; Ian B. Lyngklip of Lyngklip & Associates Consumer Law Center, PLC; Jonathan E. Gertler, Nance F. Becker, F. Paul Bland and Christian Schreiber of Chavez & Gertler LLP; Devin H. Fok of the Law Offices of Devin H. Fok; Joshua E. Kim of A New Way Of Life Reentry Project; Jason R. Bristol of Cohen, Rosenthal & Kramer; and Matthew A. Dooley and Anthony R. Pecora of Stumphauzer | O'Toole as Settlement Class Counsel.

5. **Preliminary Class Certification:**  The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for settlement purposes, namely:

    A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

       C.      The claims of the Plaintiffs are typical of the claims of the Settlement Class Members;

       D.      The Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

       E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

6.      The Court preliminarily finds that the settlement of the Action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Settlement Class Members, especially in light of the benefits of the Settlement to the Settlement Class Members; the risk, complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and the limited amount of any potential total recovery for the Settlement Class.

7.      **Settlement Administrator:**  Settlement Class Counsel, with approval of the Court, have hired McGladrey, LLP as the Settlement Administrator to oversee the administration of the Settlement and the notification to Settlement Class Members.  The cost of administration by the Settlement Administrator shall be paid from the Settlement Fund, excluding the costs associated with Defendants' creation of the class lists pursuant to Section 4.1 of the Agreement. The Settlement Administrator will be responsible for mailing the approved class action notices, forms, and settlement checks to the Settlement Class Members.

8.      **Creation of, and Deposit into, Settlement Fund**:  The Settlement Administrator shall establish a qualified settlement fund or equivalent account approved by Defendants at a

federally-insured financial institution selected by Settlement Class Counsel, subject to Court approval, to hold the Settlement Fund.  The Settlement Administrator shall promptly notify the Parties of the date of the establishment of the account.  Defendants shall cause to be deposited $1.5 million into this account no later than 20 business days after the date on which this Order is entered.  The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government.  Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event the Agreement is not terminated by the Defendants and the Effective Date otherwise occurs.

9. **Notice:**  The Court preliminarily approves the form and substance of (a) the written notices of Settlement, attached to the Agreement as Exhibits A1, A2, B1, and B2; (b) the Inaccuracy Fund Claim Form, attached to the Agreement as Exhibit C; and (c) the Inaccuracy Fund Exclusion Forms, attached to the Agreement as Exhibits D1 and D2.  The proposed form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed written notice is clearly designed to advise the Settlement Class Members of their rights.  The Settlement Administrator shall establish an internet website containing information about the Settlement and providing notice to Settlement Class Members in accordance with Section 4.2.4 of the Agreement.

10. **Exclusions:** Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the Settlement Administrator with a postmark

date no later than March 12, 2014. To be effective, the written request for exclusion must contain the class member's original signature, current postal address and telephone number, the last four digits of the class member's Social Security number or Alien Registration number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class consisting of more than one consumer be considered to have validly opted out of the Settlement. Any class member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement. Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and contain the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendants' Counsel.

11. **Objections:** Objections must be filed and served no later than March 12, 2014. Objections to Settlement Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The written objection must indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court, and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector. The Court will consider all timely objections received by March 12, 2014. Settlement Class Members who do not timely make

their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement. Class members who file exclusions may not object to the Settlement.

12. **Final Approval:** The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on May 23, 2014 at 8:30 A.M., Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland Ohio, Courtroom 18A, to review and rule upon the following issues:

    A. Whether the Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

    C. Whether the Final Judgment and Order, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

    D. To address other issues as the Court deems appropriate.

13. The Agreement and this order shall be null and void if any of the following occur:

    A. The Agreement is terminated or any specified material condition to the Settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B. The Court rejects, in any material respect, the Final Judgment and Order substantially in the form and content attached to the Agreement and the Parties fail to consent to the entry of another form of order in lieu thereof;

  C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

  D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final, whether by lapse of time or otherwise.

14. If the Agreement and/or this order are voided per ¶ 13 of this order:

  A. The class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Action or in any other proceeding;

  B. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

  C. The Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by any Party of any fact, matter, or proposition of law; and

  D. The Parties shall stand in the same procedural position as if the Agreement had not been negotiated, made, or filed with the Court.

15. The Court sets the follow schedule:

| **Date** | **Event** |
| --- | --- |
| November 12, 2013 | Preliminary Approval Order Entered |
| January 11, 2014 | First mail notice sent (the Notice Date) |
| March 12, 2014 (60 days after the Notice Date) | Opt-Out Deadline |
| April 21, 2014 | Reservation Date |

| | |
|---|---|
| (100 days after the Notice Date) | |
| May 5, 2014 (10 business days after the Reservation Date) | Motion for Final Approval Filed |
| May 5, 2014 (10 business days after the Reservation Date) | Application for Attorney's Fees / Incentive Awards Filed |
| May 23, 2014 | Fairness Hearing Held |

IT IS SO ORDERED

Dated: November 25, 2013

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE